UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENDA MARIE HUTZEL,

    Plaintiff,

v.                                              Case No.  5:21-cv-40-RH/MJF

JOHNNY C. FRANKLIN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This *pro se* civil action is before the court for screening of Plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B). (Doc. 1). It is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendant and that leave to amend would be futile. Therefore, the undersigned respectfully recommends that the District Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).[1]

### I. Background

Plaintiff commenced this civil action against Johnny Franklin because he "violated and interfered in [Plaintiff's] marriage causing personal, financial and

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

emotional injury." (Doc. 1 at 4). Plaintiff seeks punitive and compensatory damages of $500,000. (*Id.*).

In 1983, Plaintiff married her former husband, Christopher Hutzel ("Hutzel"). (*Id.*). In 2014 or 2015, Franklin and Hutzel met online and started a romantic relationship. (*Id.*). In February 2016, Plaintiff discovered email communications between Franklin and Hutzel which were of a romantic nature. Thereafter, Plaintiff filed for divorce. (*Id.*). At the time Plaintiff filed the complaint in the instant case, Plaintiff and Hutzel's dissolution case 16-94 DR was still pending in state court. (*Id.*).

Plaintiff, a resident of Georgia, seeks to sue Franklin—a resident of Florida—under Florida law for alienation of affections. She seeks compensatory and punitive damages of $500,000.

## II. Discussion

### A.   Standard

Because Plaintiff is proceeding *in forma pauperis*, the court is required to review Plaintiff's complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Determining whether a complaint states a claim upon which relief can be granted is governed by

the standard set forth in Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court must accept all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.* The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone*

*v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

**B.     Florida Law No Longer Authorizes Claims of Alienation of Affections**

Prior to 1945, Florida courts recognized a cause of action for the tort of alienation of affections. *Rotwein v. Gersten*, 36 So. 2d 419, 420 (Fla. 1948); *Kilgore v. Kilgore*, 19 So. 2d 305, 306 (Fla. 1944) (stating the elements of the tort of alienation of affections under Florida law). In 1945, however, the Florida Legislature enacted a statute which states: "The rights of action heretofore existing to recover sums of money as damage for the alienation of affections, criminal conversation, seduction or breach of contract to marry are hereby abolished." Fla. Stat. §771.01.[2] Florida courts construe this statute broadly. *McDougald v. Jenson*, 786 F.2d 1465, 1489 (11th Cir. 1986) (citing *Harrington By & Through Harrington v. Pages*, 440 So. 2d 521 (Fla. 4th Dist. Ct. App. 1983); *De la Portilla v. De la Portilla*, 287 So. 2d 345 (Fla. 3d Dist. Ct. App. 1973)). This statute expresses the public policy that "domestic quarrels—who did what to whom before and during a marriage—should not be the subject of damage suits and jury trials." *Mims v. Mims*, 305 So. 2d 787, 789 (Fla. 4th Dist. Ct. App. 1974).

---

[2] Plaintiff indicates that the alleged alienation of affections occurred in Florida when both Plaintiff and her husband resided in Florida. (Doc. 1 at 4). Thus, Florida law is the applicable law here, and Plaintiff has not alleged otherwise.

As the plain language of this statute indicates, the Florida Legislature has abolished the cause of action for the tort of alienation of affections.[3] *Rotwein*, 36 So. 2d at 421 (noting that the Florida Legislature abolished the cause of action for alienation of affections); *Kolkey v. Grossinger*, 195 F.2d 525, 525 (5th Cir. 1952) (noting that Section 771.01 abolished in Florida the cause of action for alienation of affections); *Davis v. Hilton*, 780 So. 2d 974, 975 (Fla. 4th Dist. Ct. App. 2001) (noting that the "clear language of Florida Statutes § 771.01 abolishes the claim of alienation of affections"). Its abolition extends to claims related to alienation of affections, such as "extreme emotional distress which results from dissolution of marriage or break up of the family relationship . . . ." *Harrington By & Through Harrington*, 440 So. 2d at 522.

Because Florida law no longer authorizes a cause of action for alienation of affections, Plaintiff cannot possibly state a claim for alienation of affections upon which relief can be granted. The District Court, therefore, should dismiss Plaintiff's civil action for alienation of affections under Florida law.

---

[3] In a similar provision, the Florida Legislature abolished a cause of action for breach of the marriage contract: "No contract to marry hereafter made or entered into in this state shall operate to give rise, either within or without this state, to any cause or right of action for the breach thereof." Fla. Stat. § 771.04.

C. **Amendment of Plaintiff's Complaint Would be Futile**

Ordinarily, before dismissing a lawsuit with prejudice, a district court must "advise a *pro se* plaintiff of the deficiencies in his complaint and give him an opportunity to amend." *Horn v. Estate of Camacho*, 817 F. App'x 872, 875 (11th Cir. 2020) (citing *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)). A district court, however, need not provide a *pro se* plaintiff an opportunity to amend when "a more carefully drafted complaint could not state a claim." *Woldeab*, 885 F.3d at 1291. In the present case, a more carefully drafted complaint could not state a claim for alienation of affections because such a cause of action no longer exists under Florida law. Thus, any amendment to attempt to state such a claim would be futile.

### III. CONCLUSION

Because Plaintiff has failed to state a claim upon which relief can be granted, the undersigned respectfully **RECOMMENDS** that:

1. The District Court **DISMISS** Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The clerk of the court be directed to close the case file.

At Pensacola, Florida, this 19th day of July, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636**