IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GLENDA MARIE HUTZEL,

    Plaintiff,

v.                                  CASE NO. 5:21cv40-RH-MJF

JOHNNY C. FRANKLIN,

    Defendant.

_____/

**ORDER OF DISMISSAL**

The plaintiff filed this action against a person the plaintiff says ruined her marriage by starting a romantic relationship with her spouse. The case is before the court on the magistrate judge's report and recommendation, ECF No. 8, and the objections, ECF No. 9. I have reviewed de novo the issues raised by the objections. The report and recommendation is correct and is adopted as the court's opinion, with this additional note.

As set out in the report and recommendation, Florida has abolished the common-law tort of alienation of affections. In the objections, the plaintiff takes no issue with this conclusion, but she says she can recover on the same facts based on

the tort of intentional infliction of emotional distress. It is unlikely Florida courts would allow this end run around the abolition of the tort of alienation of affections.

In any event, the plaintiff has not alleged facts sufficient to state a claim for intentional infliction of emotional distress. In *Metropolitan Life Insurance Co. v. McCarson*, 467 So. 2d 277 (Fla. 1985), the Florida Supreme Court recognized the tort, but only for extreme and outrageous conduct. The court adopted the Restatement's guidance on what constitutes sufficiently outrageous conduct. The relevant provision is this:

> Extreme and outrageous conduct . . . . It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

*Id*. at 278-79 (quoting Restatement (Second) of Torts § 46 (1965)).

Whether conduct meets this standard is, in the first instance, a question of law for the court. *See*, *e.g.*, *Vance v. S. Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n.7 (11th Cir. 1993). The required degree of extreme and outrageous conduct is high. *See id*.; *see also Estate of Duckett ex rel. Calvert v. Cable News Network LLLP*, No. 5:06-cv-444-Oc-10GRJ, 2008 WL 2959753, at *4-5 (M.D. Fla. July 31,

2008) (denying a motion to dismiss where the defendants convinced a mother whose son had disappeared to appear on the "Nancy Grace" show, the defendants inferred during the interview that the mother was involved in the disappearance, and the mother later committed suicide).

The plaintiff's factual allegations come nowhere close to the level required to state an intentional-infliction claim. The alleged facts are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

The plaintiff has not asked for leave to amend and has suggested no basis on which she could amend to state a claim on which relief could be granted.

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The clerk must enter judgment stating, "The complaint is dismissed."

3. The clerk must close the file.

SO ORDERED on August 6, 2021.

                                        s/Robert L. Hinkle  
                                        United States District Judge